**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

P&E SOLUTIONS, LLC,

      *Plaintiff/Counterclaim*
      *Defendant*,

v.

CRESCENT POWER SYSTEMS, INC.,

      *Defendant/Counterclaimant*,

CRESCENT POWER SYSTEMS, INC.,

      *Third-Party Plaintiff*,

v.

NORTH AMERICAN SPECIALITY
INSURANCE COMPANY,

      *Third-Party Defendant*.

Case No. 24-1209-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant/Counterclaimant Crescent Power Systems, Inc. ("Crescent Power")'s Motion for Leave to File a Second Motion for Summary Judgment (Doc. 94). Prior to the close of discovery, Crescent Power filed its first summary judgment motion on July 21, 2025, on Plaintiff/Counterclaim Defendant P&E Solutions, LLC ("P&E")'s breach of contract claim against it.[1] Approximately five months later, on December 12, 2025, Crescent Power filed the instant Motion requesting leave to file a second summary judgment motion to raise additional arguments against the breach of contract claim. P&E opposed this request.

---

[1] Doc. 60.

Absent leave to do so, Crescent Power filed its Second Motion for Summary Judgment (Doc. 108) on February 6, 2026, and an Amended Second Motion for Summary Judgment (Doc. 110) on February 9, 2026. [2] The Court assumes Crescent Power filed its second motion without leave to ensure it met the February 6, 2026, dispositive motions deadline. Because the second motion has already been filed, the Court must determine whether to strike it from the record.

"[M]ultiple summary judgment motions filed throughout the course of litigation are generally disfavored."[3] "A party should ordinarily submit only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piece-meal approach to a multiple claim suit."[4] A successive motion for summary judgment can be proper, however, particularly if it is "supported by new material."[5] Nonetheless, the Court has discretion on whether to permit a successive summary judgment motion.[6]

In its Motion for Leave, Crescent Power indicated its second summary judgment motion would contain additional arguments against P&E's breach of contract claim. Specifically, Crescent Power stated it would argue "(i) whether time was of the essence, (ii) Crescent Power's affirmative

---

[2] Crescent Power appears to have erroneously attached a duplicate copy of the *Daubert* Motion it filed at Doc. 107 as its Second Motion for Summary Judgment at Doc. 108. Crescent Power remedied the error in its Amended Second Motion for Summary Judgment at Doc. 110.

[3] *Hernandez v. Penmark Transp., Inc.*, 2025 WL 2443448, at *2 (D. Kan. Aug. 15, 2025) (citation omitted); *see also Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1199 (10th Cir. 2006) ("[I]t is not our usual practice to give litigants the proverbial second bite at the apple.") .

[4] *Cole v. Convergys Customer Mgmt., Grp., Inc.*, 2013 WL 1446556, at *1 (D. Kan. Apr. 9, 2013).

[5] *Lindsey v. Dayton-Hudson, Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979) (citations omitted).

[6] *See id.* (stating that "the court might properly refuse to consider a second motion"); *United States ex rel. Schroeder v. Medtronic, Inc.*, 2024 WL 3567297, at *1 (D. Kan. Mar. 26, 2024) (invoking the court's "inherent authority to control its docket" to strike a successive summary judgment motion from the record).

defenses of waiver, modification, and/or estoppel, and (iii) P&E's inability to prove it is entitled to any alleged damages against Crescent Power because the equipment Crescent Power provided was not on the Project's critical path."[7] Crescent Power did not explain why it could not raise the first and second argument in its first summary judgment motion. Crescent Power also indicated that only the third argument would be based on new material developed in discovery after filing its first motion. Additionally, Crescent Power failed to explain why it chose to file its first motion for summary judgment before discovery closed. Had the Court ruled on Crescent Power's Motion for Leave prior to Crescent Power filing its second summary judgment motion, the Court would have limited the second motion to arguments based on new material to prevent a proverbial second bite at the apple.[8]

Because Crescent Power has already filed its second motion, the Court has the benefit of reviewing whether its arguments are supported by new material. The Court's review reveals that the facts underlying Crescent Power's arguments in the second motion are primarily based on the July 15, 2025, deposition of Justin Swiler which was taken before Crescent Power filed its first motion.[9] Crescent Power's arguments are also based on facts from a February 6, 2026, affidavit filed by Joseph Granade, but Mr. Granade is Crescent Power's own employee.[10] The facts in these documents were already within Crescent Power's knowledge *before* filing its first motion. Thus, arguments based upon such facts should have been included there. Further, the Court's review

---

[7] Doc. 94 at 3.

[8] *Pippin*, 440 F.3d at 1199.

[9] Doc. 110 at 18, 21 (citing Doc. 110-11).

[10] *Id.* at 16 n.2, 18, 21 (citing Doc. 110-2).

reveals that Crescent Power's proposed third argument—the only argument it indicated would be supported by new material—is absent entirely from its second motion.

Crescent Power's second summary judgment motion is not based on new material discovered after filing its first summary judgment motion. It simply seeks to raise additional arguments that Crescent Power failed to include in its first motion. The Court is not inclined to permit Crescent Power a second bite at the apple, nor has Crescent Power provided a compelling reason to do so. Accordingly, the Court denies Crescent Power's Motion for Leave and strikes its Second Motion for Summary Judgment from the record. The Court will issue an order addressing all remaining summary judgment motions in this case at a later date.

**IT IS THEREFORE ORDERED** that Crescent Power's Motion for Leave to File a Second Motion for Summary Judgment (Doc. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that Crescent Power's Second Motion for Summary Judgment (Doc. 108), Crescent Power's Amended Second Motion for Summary Judgment (Doc. 110), and P&E's Response in Opposition to Crescent Power's Second Motion for Summary Judgment (Doc. 118) are stricken from the record.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-4-